# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MICHAEL ALGERNON BROWN,      :
                             :
    **Plaintiff,**            :
                             :
vs.                          :
                             :   NO. 5:25-cv-120-TES-CHW
Warden GREGORY SAMPSON,      :
et al.,                      :
                             :
                             :   ORDER
    **Defendants.**           :

*Pro se* Plaintiff Michael Algernon Brown, a prisoner in Macon State Prison in Oglethorpe, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff moved to proceed without prepayment of the filing fee. ECF No. 2. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. *Id*. A review of Plaintiff's complaint reveals several deficiencies. Because Plaintiff is proceeding *pro se*, he will be allowed one opportunity to recast his complaint in accordance with the instructions shown below.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is **GRANTED**. *Id*.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in

the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

It is **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that automatic withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall

continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of PLRA.

## RECAST COMPLAINT

Plaintiff states that on December 20, 2024, Freddie Lumpkin was transferred from Valdosta State Prison to Macon State Prison and placed in Plaintiff's cell. ECF No. 1 at 4. Plaintiff complains that on December 25, 2024, while he was sleeping, Lumpkin assaulted and stabbed him. *Id*.

Plaintiff names six defendants in the heading of his complaint but fails to tell the Court what these defendants did, or did not do, that violated Plaintiff's constitutional or federal statutory rights. In his recast complaint, Plaintiff must write the name of each defendant in the caption of his complaint. In the body, or statement of claim section (Section V), of his complaint, Plaintiff must write the name of each defendant again and tell the Court exactly what that defendant did, or did not do, that violated Plaintiff's constitutional or federal statutory rights and when such violations occurred. In other

words, Plaintiff must tell the Court how each named defendant is connected to his Eighth Amendment failure to protect claim.

Plaintiff should be aware that supervisory officials, such as Warden Sampson and "Head Commissioner over the Department of Corrections" are not liable under 42 U.S.C. § 1983 for the actions of their employees. Instead, they must have personally participated in, or have some other causal connection to, the alleged constitutional violation. As stated above, Plaintiff must tell the Court how each defendant is connected to his alleged constitutional violation or what role each named defendant played in the December 25, 2024 assault and stabbing.

Plaintiff should keep in mind that he must provide factual details to support his failure to protect or deliberate indifference to safety claim. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). Thus, when Plaintiff recasts his complaint, he must plead "at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). In other words, simply stating that "the defendants were deliberately indifferent to my safety" or "the defendants violated the Eighth Amendment by failing to protect me" will not suffice and will not prevent dismissal of the complaint.

The general rule is that an amended or recast complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982)

(citations omitted). Thus, Plaintiff's recast complaint will take the place of his original complaint and all exhibits or attachments. The Court will not refer to any previous complaints or exhibits to determine if Plaintiff has stated a claim.

Plaintiff must complete the enclosed 42 U.S.C. § 1983 form in full. As stated above, he must list each defendant in the heading of his recast complaint and in the body of his complaint or statement of claim section, Plaintiff must again list each defendant and clearly state how each allegedly violated Plaintiff's constitutional or federal statutory rights. The complaint must be no longer than **TEN (10) PAGES**. Plaintiff may not attach any exhibits, declarations, or other attachments to the complaint.

In conclusion, it is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. ECF No. 2. Plaintiff is **ORDERED** to file a recast complaint that complies with the above instructions within **FOURTEEN (14) DAYS** from the date of this Order. If Plaintiff fails to do so, his action will be dismissed. Also, if Plaintiff fails to keep the Court informed of any change of address, his action may be dismissed.

It is **DIRECTED** that the Clerk of Court forward to Plaintiff a standard §1983 form with the civil action number on it along with a copy of this Order.

So **ORDERED and DIRECTED**, this 6th day of May, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge