# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **MICHAEL ALGERNON BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **NO. 5:25-cv-120-TES-CHW** |
| **Warden GREGORY SAMPSON,** | : | |
| *et al.,* | : | |
| | : | |
| | : | **ORDER** |
| **Defendants.** | : | |

*Pro se* Plaintiff Michael Algernon Brown, a prisoner in Macon State Prison in Oglethorpe, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1. The Court docketed Plaintiff's original complaint on March 25, 2025, but the complaint is dated February 26, 2025. *Id.* at 5.

On May 6, 2025, the Court ordered Plaintiff to file a recast complaint and provided specific instructions for doing so. ECF No. 7. The Court received a second complaint from Plaintiff that was also dated February 26, 2025. ECF No. 6. Given the timing, it is apparent that Plaintiff did not receive the May 6, 2025 Order before he drafted his second February 26, 2025 complaint. ECF No. 6; ECF No. 7.

The Court, therefore, notified Plaintiff that it had received his amended complaint, but that he needed to follow the instructions in the May 6, 2025 Order and file a recast complaint. ECF No. 8. The Court noted that much of Plaintiff's amended complaint (ECF No. 6) and attached documents were illegible. ECF No. 8. The Court ordered Plaintiff to file a legible recast complaint that is no longer than ten pages total, that does not contain exhibits, attachments, or briefs, and that complies with the additional

instructions in the May 6, 2025 Order. *Id*. Plaintiff was again warned that failure to follow these instructions, as well as the instructions in the May 6, 2025 Order, would result in dismissal of his action. *Id*.

Plaintiff then filed two more complaints. ECF No. 9; ECF No. 10. On May 27, 2025, the Court docketed a six-page complaint dated May 19, 2025. ECF No. 9. Although the Court twice ordered (ECF No. 7; ECF No. 8) Plaintiff not to include any supplements, exhibits, or briefs with his recast complaint, Plaintiff attached a three-page letter and a seven-page "second half of brief" to this complaint. ECF No. 9-1; ECF No. 9-2. On May 28, 2025, the Court docketed a twelve-page complaint dated May 13, 2025. ECF No. 10.

Plaintiff has not followed the instructions in the May 6, 2025 Order (ECF No. 7) or the subsequent Order (ECF No. 8). The Court could dismiss Plainitff's action for this reason alone. *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions). Instead, the Court will allow Plaintiff **ONE FINAL** opportunity to recast his complaint. This is the last opportunity Plaintiff will be given. Plaintiff **MUST** follow the instructions in the May 6, 2025 Order, a copy of which the Court is including with this Order. If he fails to do so, as he has done in the past, the action will be dismissed.

Plaintiff's **ONE** recast complaint will take the place of and supersede all of Plaintiff's previously filed complaints. This means the Court will not look back at these complaints to see if Plaintiff has stated a claim upon which relief can be granted.

Plaintiff must complete the enclosed 42 U.S.C. § 1983 form in full and follow **ALL** of the instructions in the May 6, 2025 Order. As the Court has repeatedly told Plaintiff,

the recast complaint must be no longer than **TEN (10) PAGES** total.   Thus, Plaintiff may attach additional pages to the standard complaint form if necessary, but the total number of pages (standard complaint form and attached pages) must be no more than **TEN (10)**.

In conclusion, it is **ORDERED** that Plaintiff file a recast complaint that complies with the above instructions and the instructions in the May 6, 2025 Order within **FOURTEEN (14) DAYS** from the date of this Order.   If Plaintiff fails to do so, his action will be dismissed.   Also, if Plaintiff fails to keep the Court informed of any change of address, his action may be dismissed.

It is **DIRECTED** that the Clerk of Court forward to Plaintiff a copy of the May 6 2025 Order (ECF No. 7) and a standard §1983 form with the civil action number on it along with a copy of this Order.

So **ORDERED and DIRECTED**, this 12th day of June, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge