IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL ALGERNON BROWN, | : |
| Plaintiff, | : |
| VS. | : NO. 5:25-cv-120-TES-CHW |
| Warden GREGORY SAMPSON, *et al.*, | : |
| Defendants. | : |

# ORDER

*Pro se* Plaintiff Michael Algernon Brown, a prisoner in Macon State Prison in Oglethorpe, Georgia, filed a 42 U.S.C. § 1983 complaint and moved to proceed *in forma pauperis*. ECF No. 1; ECF No. 2. On May 6, 2025, the Court granted Plaintiff's motion to proceed without prepayment of the filing fee and ordered Plaintiff to file a recast complaint. ECF No. 7. The Court provided specific instructions for the recast complaint. *Id*.

The Court received a second complaint from Plaintiff that was dated February 26, 2025, which was also the date on Plaintiff's original complaint. ECF No. 6. It was obvious that Plaintiff did not have time to receive the Court's May 6, 2025 Order before he drafted his second February 26, 2025 complaint. ECF No. 6; ECF No. 7.

The Court, therefore, notified Plaintiff that it had received his amended complaint, but he needed to follow the instructions in the May 6, 2025 Order and file a recast complaint. ECF No. 8. The Court informed Plaintiff that much of his amended complaint and attached documents

were illegible. *Id*. The Court ordered Plaintiff to file a legible recast complaint that is no longer than ten pages total, does not contain exhibits, attachments, or briefs, and complies with the additional instructions in the May 6, 2025 Order. *Id*. Plaintiff was again warned that failure to follow these instructions, as well as the instructions in the May 6, 2025 Order, would result in dismissal of his action. *Id*.

Plaintiff then filed two more complaints. ECF No. 9; ECF No. 10. First, on May 27, 2025, the Court docketed a six-page complaint dated May 19, 2025. ECF No. 9. Although the Court twice ordered (ECF No. 7; ECF No. 8) Plaintiff not to include any supplements, exhibits, or briefs with his recast complaint, Plaintiff attached a three-page letter and a seven-page "second half of brief" to this complaint. ECF No. 9-1; ECF No. 9-2. Second, on May 28, 2025, the Court docketed a twelve-page complaint dated May 13, 2025. ECF No. 10.

It was unclear which complaint Plaintiff intended to be his recast complaint filed in response to the May 6, 2025 Order. In neither of the complaints did Plaintiff follow the instructions in the May 6, 2025 Order (ECF No. 7) or the subsequent Order (ECF No. 8). The Court informed Plaintiff that it could dismiss his action for this reason alone. ECF No. 12 at 2. Instead of dismissing, however, the Court gave Plaintiff one last chance to file a recast complaint that complied with the May 6, 2025 Order. *Id*.

Plaintiff filed his recast complaint. ECF No. 13. Following the preliminary review required by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**PRELIMINARY REVIEW OF PLAINTIFF'S RECAST COMPLAINT**

I.     Standard of Review

The Prison Litigation Reform Act directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

3

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g*., *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. Facts

The Court ordered Plaintiff to list each defendant he wanted to sue in the heading of his complaint and, in the body of the complaint, list them again and tell the Court exactly how and when each defendant violated his constitutional or federal statutory rights. ECF No. 7 at 3-4. In the heading of his recast complaint, Plaintiff lists these defendants: "Lt. Turner, Lt. McCooked, United (sic) Manager Ms[.] Lawson, Sgt. Cert. Ingram, [and] CO Officer Ms. McGee." ECF No.

13 at 1.  In response to question twelve on the 42 U.S.C. § 1983 form, which requests Plaintiff to list the full name, position, and place of employment of each defendant, Plaintiff shows: "D Warden Mss. (sic) Lawerson of Security," "Lt. Turner," "Lt. McCooked," and "Mr. Ingram." *Id*. at 5.  The Court assumes that "United (sic) Manager Ms[.] Lawson" (*Id*. at 1) is the same person as "D Warden Mss. Lawerson of Security under the Head Warden Sampson" (*Id*. at 5). While "CO Officer Ms. McGee" is listed in the heading of Plaintiff's complaint, she is not shown in the response to question twelve.  *Id*.  Thus, it is unclear exactly who Plaintiff seeks to sue.

Plaintiff included two "Statement of Claim" sections in his recast complaint.  *Id*. at 6, 8. In the first, he states that on December 20, 2024, Freddie Lumpkin, Jr., a prisoner from Valdosta State Prison, was transferred to Macon State Prison.  *Id*. at 6.  On December 25, 2024, Lumpkin stabbed and assaulted Plaintiff.  *Id*.  Plaintiff states that "[a]ll the Defendants named in this action participated."  *Id*.  It is, however, unclear how they "participated."  Plaintiff states that, "[a]ll they (sic) Defendants let Freddie Lumpkin, Jr. to (sic) enter by letting himself coming (sic) into my cell with a homemade (weapon) knives or knife.  I fell (sic) like his property wasn't searched or inventory (sic)."  *Id*.  Plaintiff complains that "D Warden of Security & United Manager . . . were to make sure that Mr. Freddie Lumpkin, Jr. while coming from another prison[,] . . . was . . . stripped (sic) searched . . . [and] his personal property should have been secured [and] checked for drugs, weapons, [and] contryband (sic)."  *Id*. at 7.  According to Plaintiff, "Ms. Lawerson along with other corrections officers [he] named and United (sic) Manager Mr. Sangzes . . . were in full power at the time he was assaulted [and] stabbed."  Mr. Sangzes is not named as a Defendant in this action.

In the second Statement of Claim section, Plaintiff again states that Freddie Lumpkin, Jr. transferred from Valdosta State Prison to Macon State Prison on December 20, 2024, and

> L.T. McCooked, Cert. Sgt. Mr. Ingram also CO Ms. McGee camed (sic) to my cell/door told me to cuffed (sic) up and stepped backed (sic) into the back of my cell.   Now witched (sic) I reminded the Cert. Sgt. Ingram & Lt. McCooked that am (sic) a HIGH ranked 'Gang Member," Sgt. Ingrams tells me in my face am a liar, so Freddie Lumpkin, Jr. mentions to Lt. & Sgt. that if anything happens to him, he's going to defend himself and filed (sic) a lawsuit on them.   Now Mr. Freddie Lumpkin, Jr. has'd (sic) a lot of property that he came from Valdosta with even things he wasn't supposed to have in his possession.   Freddie Lumpkin, Jr. was on IPC for 3 years behinded (sic) the cell/door one man's bunk, bed, [b]ecause he was attacked by five other gang member[]s and stabbed one of they (sic) men 17 times to death at Valdosta State Prison.

*Id*. at 8.

Plaintiff seeks damages in the amount of eight million dollars from each Defendant.   *Id.* at 9.

III. <u>Analysis</u>

Plaintiff is attempting to raise an Eighth Amendment deliberate indifference to safety claim.   Prison officials do have a duty to protect inmates from violence at the hands of other inmates.   *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020).   But not every instance of violence between inmates "translates into constitutional liability for prison officials responsible for the victim's safety."   *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   Rather, it is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment."   *Id.* at 828.   To state a claim for deliberate indifference to an inmate's safety, a prisoner must allege facts to show: (1) a substantial risk of serious harm; (2) deliberate indifference to that risk; and (3) causation.   *Bowen v. Warden Baldwin State Prison*,

826 F.3d 1312, 1320 (11th Cir. 2016); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).

"The first element of an Eighth Amendment claim—a substantial risk of serious harm—is assessed under an objective standard." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal citation omitted). To prevail, the prisoner must show "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane*, 835 F.3d at 1307). He can make this showing by demonstrating either a "general threat" to inmates based on dangerous conditions in the prison or particular area of the prison, or, as Plaintiff seeks to do in this case, by demonstrating an individualized risk based on a "specific threat." *Id.* at 1233, 1235.

To show an individualized risk based on a specific threat, the plaintiff need not show that the official knew he "'was especially likely to be assaulted *by the specific prisoner who eventually committed the assault*,' as long as the official was otherwise aware that the victim faced a substantial risk of serious harm." *Id.* at 1236 (citation omitted). Threats among prisoners are common, however, and the official "must possess enough details about a threat to enable them to conclude that it presents a 'strong likelihood' of injury, not a 'mere possibility.'" *Id.* (citation omitted).

To establish deliberate indifference a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Farmer*, 511 U.S. at 839). The first prong—

subjective awareness—requires "that the prison 'official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). "'[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.'" *Wade*, 106 F.4th at 1257 (alteration in original) (quoting *Farmer*, 511 U.S. at 838). "'Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1583 (11th Cir. 1995) (quoting *Farmer*, 511 U.S. at 842).

The second prong—disregard of the risk—is objective and the facts must show that the defendant responded to the known risk in an objectively unreasonable manner. *Marbury*, 936 F.3d at 1233 (citation omitted). "A reasonable decision does not have to be a perfect decision, and it does not require that any potential harm was actually averted." *Stalley v. Cumbie*, No. 22-10881, 2024 U.S. App. LEXIS 32885, at *32 (11th Cir. Dec. 30, 2024) (first citing *Farmer*, 511 U.S. at 844; and then citing *Mosley v. Zachery*, 966 F.3d 1265, 1271-72 (11th Cir. 2020)).

The third prong—subjective recklessness—is satisfied only if the plaintiff shows "that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1253. Even when a defendant has subjective knowledge of a serious risk, "a defendant who 'responds reasonably' to [such] a risk . . . 'cannot be found liable' under the Eighth Amendment." *Id*. at 1255 (quoting *Farmer*, 511 U.S.

at 845). "Each individual [d]efendant must be judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). A defendant cannot be deliberately indifferent to an excessive risk of inmate violence unless he 'had the capability (authority and means) to provide adequate security and did not do so." *Williams v. Bennett*, 689 F.2d 1370, 1389 (11th Cir. 1982).[1]

To establish causation, "the plaintiff must show a 'necessary causal link' between the officer's failure to act reasonably and the plaintiff's injury. *Marbury*, 936 F.3d at 1233 (citation omitted). This inquiry focuses "on whether an official's acts or omissions were the cause—not merely a contributing factor—of the constitutionally infirm condition." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).

With these elements in mind, the Court finds that Plaintiff's complaint fails to plead sufficient facts to state an Eighth Amendment claim for deliberate indifference to safety. Plaintiff seeks to show a serious risk of harm by pointing to Freddie Lumpkin, Jr's violent past at Valdosta State Prison, Lumpkin's leadership role in a gang, and Plaintiff's suspicions that Lumpkin and his property were not thoroughly searched after his arrival at Macon State Prison. ECF No. 13 at 6-8. But Lumpkin's past and his gang affiliation do not demonstrate that he posed any individualized serious risk of harm to Plaintiff or that the Defendants were subjectively aware of

---

[1] As one court noted, there is overlap between deliberate indifference and causation: "To be clear, authority and means to remedy the excessive risk of inmate violence bears directly on causation; however, it overlaps with deliberate indifference because an official can rarely manifest a deliberately indifferent state of mind by failing to do something that was not in the official's power to do. Accordingly, the court considers authority and power as to deliberate indifference and causation." *Barefield v. Dunn*, 688 F. Supp. 3d 1026, 1075 n.28 (M.D. Ala. 2023).

any serious risk of injury. The Defendants' knowledge that an inmate is violent or knowledge that an inmate poses a generalized risk does not establish the subjective awareness needed for a deliberate indifference to safety claim. *Carter v. Gallaway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (finding inmate failed to establish deliberate indifference even though defendants knew prisoner who attacked plaintiff was a "problem inmate" with a history of violence and disobedience and plaintiff had informed defendants that his attacker was "acting crazy," and "roaming his cell like a 'caged animal'"). "[B]efore Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [the attacker's] generally problematic nature." *Id*.

Lumpkin's statement to Ingram and McCooked that "if anything happened to him, he's going to defend himself and file[] a lawsuit on them" does not show that Lumpkin threatened Plaintiff or posed any particular risk to Plaintiff. ECF No. 13 at 8. It also would not have made Ingram and McCooked subjectively aware that Lumpkin's presence posed any substantial risk of serious injury to Plaintiff.

Plaintiff's assertion that he "fe[e]l[s] like [Lumpkin's] property wasn't searched" and inventoried and Lumpkin was not strip searched when he arrived at Macon State Prison does not change this analysis or outcome. This is nothing more than speculation. Plaintiff does not allege that he or any Defendant knew Lumpkin brought a weapon with him from Valdosta State Prison. Lumpkin arrived at Macon State Prison five days before he stabbed Plaintiff and he certainly could have obtained the weapon after his arrival. ECF No. 13 at 6, 8.

Having determined that the facts alleged do not show Plaintiff faced a substantial risk of

10

serious harm of which any Defendant was subjectively aware, the Court need not discuss the remaining factors—that any Defendant (1) disregarded the risk, (2) knowing that his or her conduct put Plaintiff at a substantial risk of serious harm, and (3) his or her conduct actually caused Plaintiff's injuries. *See Wade*, 106 F.4th at 1255. Plaintiff has not alleged any facts to support these elements. In fact, other than listing Lt. Turner as a Defendant, Plaintiff never mentions his name again in the body of his two "Statement of Claims." As for the other Defendants, Plaintiff merely alleges they "participated" or were "in full power at the time he was assaulted." ECF No. 13 at 6-7. General allegations devoid of factual detail such as these provide no support for any of the elements necessary for an Eighth Amendment deliberate indifference to safety claim.

## CONCLUSION

Based on the above, this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1)

**SO ORDERED**, this 8th day of August, 2025.

S/ Tilman E. Self, III<br>
TILMAN E. SELF, III, JUDGE<br>
UNITED STATES DISTRICT COURT